By the Court.
An information was filed in the Probote Court of Stark County against Joseph Effinger, for keeping his saloon open on Sunday, in violation of section 8902, Revised Statutes.
It is charged that Effinger, on Sunday the 25th day of June, 1893, kept his said place open, and that on other days than Sunday, he there in said place exposed for sale and sold intoxicating liquors.
Effinger admitted on the trial that his place was open on said day, and-that he and members of bis family, together with other persons not members of his family, were in his saloon. His defense was that they went into the saloon to abate a nuisance that had been committed by his dog, and for no other purpose, and that he and none of those with him either drank, sold or gave’ away, intoxicating liquors while in said place.
*377 The court charged the jury that if he and other parties, not members of his family, were in said sáloon on said day, that that constituted a violation of section 8902, Revised Statutes ; that his place being open on said day, that it did not devolve upon the State to prove sales, or an intention to make sales, on the part oí Effinger; but the fact that he and others were in the saloon, was prima fade a violation of the statute. In this we think the court did not err.
The plaintiff in error offered testimony to show that on said day no liquors were sold, drank or given away in his saloon, and that the only object in opening said saloon was to remove said nuisance. Thereupon the court charged the jury : “ If you find this defense, set up by tbe plaintiff in error, is established by a fair preponderance of the evidence, then you will return a verdict of not guilty; otherwise, you will find him guilty of the offense charged in the information.” To which charge of the court the plaintiff in error excepted.
The question presented to this court is : Did the trial judge state correctly the rule as to the weight of evidence? Was the defendant required to establish bis defense by a fair preponderance of the evidence ? Or, was a preponderance, a bare preponderance, sufficient to establish the defense? Is a fair preponderance of the evidence a higher degree that a mere preponderance? We have examined the case of Bond v. The State, 23 Ohio St. 349, 6th syllabus: “ The burden of proof to establish the defense of insanity in a criminal case rests upon the defendant, but a bare preponderance of testimony is all that is necessary for that purpose.” Also Davis v. Guarnieri, 45 Ohio St. 471. The last proposition of the syllabus reads as follows: “ In the trial of a civil action where the preponderance of the proof is to determine the issues, the court or jury deals simply with the probabilities of the case; and where the jury is asked to find specially whether a particular fact exists, and answers, “probably not,” this is a finding that, for the purposes of the case, the fact does not exist.”
Meyers & Frease, for plaintiff in error.
C. C. Bow, Proseending Attorney, for defendant in error.
Laubie, J., of the Seventh Circuit, in the case of Mary A. Russell et. al. v. Edwin P. Russell et al., 6 C. C. Rep., 294, has reviewed the authorities bearing upon this question, and in the syllabus of that case it is said that: “ In the trial of an action to contest a will on the ground that it was not in fact executed and attested, as required by law, it is error to charge that the jury must be satisfied by a fair preponderance of the evidence that the paper writing is not the last will of the decedent, or they must find that it is.”
Following the rule indicated by these authorities, we must hold that the court erred in charging that the defendant in error was required to establish his defense by a fair preponderance of the evidence; and,' for this error, the case is reversed and remanded to the court below.